UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

TIMOTHY BURKS,

                              Plaintiff,

      -against-

CITY OF NEW YORK, AYINDE MCBURNIE, Individually,
PETER THOMPSON, JR., Individually, BRANDON BERSCH,
Individually, and JOHN and JANE DOE 1 through 15,
Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                              Defendants.

-------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

17 CV 0177
(ARR) (RLM)

<u>Jury Trial Demanded</u>

Plaintiff TIMOTHY BURKS, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff TIMOTHY BURKS is a forty-year-old African American resident of the State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, AYINDIE MCBURNIE, PETER THOMPSON, JR., and BRANDON BERSCH, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties. Defendant BERSCH held the supervisory rank of sergeant, and was responsible for the conduct of his subordinate officers, including defendants MCBURNIE and THOMPSON, JR.

10. Defendant CITY OF NEW YORK maintains the New York City Department of Correction (hereinafter referred to as "DOC"), a duly authorized public authority and/or correction department, authorized to perform all functions of a correction department as per the applicable sections of the aforementioned municipal corporation, City of New York.

11. That at all times hereinafter mentioned, the individually named defendants, JOHN

and JANE DOE 1 through 15, were duly sworn correction officers, agents, or employees of said department, or of the medical facilities maintained by or otherwise under contract with said department, and were acting under the supervision of said department and according to their official duties.

12. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

### **FACTS**

14. On October 14, 2015, beginning at approximately 7:00 a.m., on the sidewalk on Linden Boulevard, near Nostrand Avenue, Brooklyn, New York, plaintiff was subjected to unreasonable force by the defendant NYPD officers.

15. Specifically, plaintiff was slammed to the ground on his back and hands while he was restrained in handcuffs and not engaged in any behavior necessitating the aforementioned use of unnecessary force.

16. As a result of the above use of unnecessary force, plaintiff sustained serious injuries to his right hand.

17. Despite plaintiff's complaints to the defendant NYPD officers, and to NYPD and/or DOC officers involved in his apprehension and processing, that he was injured and needed medical treatment, plaintiff was denied medical treatment.

18. Plaintiff was transferred to the custody of DOC officers at Rikers Island without having received medical treatment.

19. In addition, although ordered by the Honorable Stephen Antignani, a Criminal Court Judge for Kings County, that plaintiff receive necessary psychological and medical treatment at Rikers Island, plaintiff was not adequately provided said treatment at Rikers Island.

20. Plaintiff was processed through intake at Rikers Island in the early morning hours of October 15, 2015. During said process, defendant John and Jane Doe DOC employees, agents, and medical staff became aware of plaintiff's hand injury and psychiatric history.

21. Despite the DOC's and/or its medical contractor's awareness of plaintiff's hand injury, plaintiff did not receive treatment for his hand until approximately 9:00 p.m. on October 15, 2015, at which time plaintiff's hand was for the first time properly examined, resulting in a diagnosis of non-displaced fractures of his distal third and fourth metacarpal bones. Plaintiff's hand was splinted, and he was provided with a sling.

22. Plaintiff was denied necessary psychiatric medications during the approximately seven days he was held in DOC custody on Rikers Island, despite the fact that said treatment was court ordered and that defendant DOC employees were aware that plaintiff needed psychiatric medication.

23. Defendants JOHN and JANE DOE 1 through 15 participated in and/or failed to intervene in the above conduct relating to the conditions of plaintiff's confinement in DOC custody, despite a meaningful opportunity to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

24. Defendants JOHN DOE 1 and 15 owed a duty to plaintiff to ensure his safety in their custody and to provide plaintiff with adequate medical care.

4

25. Defendant JOHN DOE 1 and 15 breached their duty to plaintiff, resulting in plaintiff sustaining physical and mental injuries while in their custody.

26. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

27. All of the aforementioned acts deprived plaintiff TIMOTHY BURKS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK, and the NYPD and DOC, all under the supervision of ranking officers of said departments.

30. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

31. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and pursuant to customs or practices of using excessive force.

32. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK

is aware from investigations by the New York City Department of Investigation Office of the Inspector General, lawsuits, notices of claims, and complaints filed with the NYPD'S Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force.

33. Further, with respect to the custom and practice of using excessive force, and lack of training in that regard, the New York City Department of Investigation Office of the Inspector General for the NYPD issued a report on October 1, 2015, available on the City of New York's website at http://www.nyc.gov/html/oignypd/assets/downloads/pdf/oig_nypd_use_of_force_ report_-_oct_1_2015.pdf. Said report acknowledged that between the years of 2010 and 2014 the Civilian Complaint Review Board substantiated 179 force cases. The report further affirmed the lack of proper training, policies, practices, and discipline of NYPD officers with respect to use of force, finding that the "NYPD's current use-of-force policy is vague and imprecise, providing little guidance to individual officers on what actions constitute force." The report further found that the NYPD frequently failed to impose discipline when provided with evidence of excessive force.

34. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

35. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and

supervise them.

36. As a result of the foregoing, plaintiff TIMOTHY BURKS sustained, *inter alia*, physical injuries, emotional distress, and deprivation of his constitutional rights.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983 against the Individually Named NYPD Defendants)

37. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff TIMOTHY BURKS'S constitutional rights.

39. As a result of the aforementioned conduct of defendants, plaintiff TIMOTHY BURKS was subjected to excessive force and sustained serious physical injuries and emotional distress.

40. As a result of the foregoing, plaintiff TIMOTHY BURKS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Deliberate Indifference to Serious Medical Needs under 42 U.S.C. § 1983 against John/Jane Doe Defendants)

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that was deliberately indifferent to plaintiff's serious medical needs by

disregarding an excessive risk to the plaintiff's health or safety, which is forbidden by the Constitution of the United States.

43. As a result of the foregoing, plaintiff TIMOTHY BURKS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983 against the Individually Named NYPD Defendants)

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants had an affirmative duty to intervene on behalf of plaintiff TIMOTHY BURKS, whose constitutional rights were being violated in their presence by other officers.

46. The defendants failed to intervene to prevent the unlawful conduct described herein.

47. As a result of the foregoing, plaintiff was subjected to excessive force and denied medical attention.

48. As a result of the foregoing, plaintiff TIMOTHY BURKS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983 against Defendant Bersch and Supervisory John/Jane Doe Defendants)

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

51. As a result of the foregoing, plaintiff TIMOTHY BURKS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

54. The City of New York engaged in a policy, custom or practice of using excessive force and inadequate screening, hiring, retaining, training and supervising its employees regarding the use of force that was the moving force behind the violation of plaintiff TIMOTHY BURKS'S rights as described herein. As a result of the failure of the City of New York to properly train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

55. The foregoing customs, policies, usages, practices, procedures and rules of the

City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff TIMOTHY BURKS.

56. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff TIMOTHY BURKS as alleged herein.

57. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff TIMOTHY BURKS as alleged herein.

58. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff TIMOTHY BURKS was subjected to physical abuse.

59. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff TIMOTHY BURKS'S constitutional rights.

60. All of the foregoing acts by defendants deprived plaintiff TIMOTHY BURKS of federally protected rights, including, but not limited to, the right:

  A. To be free from excessive force; and

  B. To be free from the failure to intervene.

61. As a result of the foregoing, plaintiff TIMOTHY BURKS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**Supplemental State Law Claims**

62. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

64. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

65. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

66. Plaintiff has complied with all conditions precedent to maintaining the instant action.

67. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(<u>Assault under the laws of the State of New York against the Individually Named NYPD Defendants and the City of New York</u>)

68. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. As a result of the foregoing, plaintiff TIMOTHY BURKS was placed in apprehension of imminent harmful and offensive bodily contact.

70. As a result of defendant's conduct, plaintiff TIMOTHY BURKS has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

71. The individually named defendants assaulted plaintiff. Defendant City, as

employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

72. As a result of the foregoing, plaintiff TIMOTHY BURKS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Battery under the laws of the State of New York against the Individually Named NYPD Defendants and the City of New York)

73. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. The individually named NYPD defendants made offensive contact with plaintiff TIMOTHY BURKS without privilege or consent.

75. As a result of defendants' conduct, plaintiff TIMOTHY BURKS suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

76. Defendant City, as employer of the individually named NYPD defendants, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

77. As a result of the foregoing, plaintiff TIMOTHY BURKS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Negligence under the laws of the State of New York against John/Jane Doe Defendants and the City of New York)

78. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of defendant CITY OF NEW YORK and its employee defendants who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

80. Defendant City, as employer of defendants John and Jane Doe 1-15 is responsible for their negligent acts under the doctrine of *respondeat superior*.

81. As a result of the foregoing, plaintiff TIMOTHY BURKS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff TIMOTHY BURKS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
October 12, 2017

>BRETT H. KLEIN, ESQ., PLLC
>Attorneys for Plaintiff TIMOTHY BURKS
>305 Broadway, Suite 600
>New York, New York 10007
>(212) 335-0132
>
>By:   s/ Brett Klein
>      BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

TIMOTHY BURKS,                                                           17 CV 0177
                                                                                          (ARR) (RLM)

                                                           Plaintiff,

        -against-

CITY OF NEW YORK, AYINDE MCBURNIE, Individually,
PETER THOMPSON, JR., Individually, BRANDON BERSCH,
Individually, and JOHN and JANE DOE 1 through 15,
Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                                             Defendants.

-------------------------------------------------------------------------------X


**AMENDED COMPLAINT**


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132